IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>JAMES W. BROWN; YUKI BROWN; HIRAM J. CALLAHAN; MARGARET A. CALLAHAN; and BANK OF AMERICA,<br><br>    Defendants. | Case No.: CV 07-0602 DAE KSC |

**FINDINGS AND RECOMMENDATION TO GRANT THE GOVERNMENT'S
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JAMES W. BROWN**

Before the Court is Plaintiff United States' ("the Government") Motion for Default Judgment Against Defendant James W. Brown, filed April 24, 2008. Defendant James W. Brown ("Mr. Brown") has not responded to the Motion. Defendant Yuki Brown, who has appeared in this case, took no position with respect to the Motion. Defendants Hiram J. Callahan and Margaret A. Callahan have not appeared in this case, but the United States has entered into a stipulation with them concerning their interest in the real property at issue. Defendant Bank of America did not timely appear in this case and was defaulted, but has moved, without objection from the United States, to set aside that default.

This matter came on for hearing on June 6, 2008, with Rick

Watson, Esq., appearing by telephone on behalf of the Government, and Myles Breiner, Esq., appearing on behalf of Yuki Brown. Neither Mr. Callahan, Mrs. Callahan, or Bank of America appeared at the hearing. After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion be GRANTED for the reasons set forth below.

## BACKGROUND

On December 13, 2007, the Government filed the instant Complaint, seeking to: 1) reduce Mr. Brown's federal income tax liabilities to judgment; and 2) to foreclose the federal tax liens on a parcel of residential property titled in the name of Mr. Brown, Yuki Brown, and Mr. and Mrs. Callahan ("the Property").

On January 23, 1992, a Deed was recorded in the State of Hawaii Bureau of Conveyances, transferring title to a one-half interest in the Property to Mr. Brown and his then-wife, Yuki Brown, as tenants by the entirety. [Complaint at ¶ 10.] On that same day, another Deed was recorded in the States of Hawaii Bureau of Conveyances transferring title to the other half of the Property to Mr. and Mrs. Callahan, as tenants by the entirety. [Id.] Also on that day, Honolulu Mortgage Company recorded a purchase money mortgage to the Property with the Bureau of Conveyances. [Id. at ¶ 11.] This mortgage was eventually

acquired by Bank of America. [Id. at ¶ 12.]  On November 12, 1997, the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien against all property owned by Mr. Brown, including the Property, based on Mr. Brown's unpaid federal income taxes for the years 1992 and 1993. [Id. at ¶ 22.]  The Government asserts that its liens attach to the Property and that it is entitled to sell the Property to enforce its liens.  [Id. at ¶ 22.]

The United States personally served the summons and complaint on Mr. Brown on January 23, 2008.  Mr. Brown has not filed an answer or other responsive pleading, nor has he appeared in this case.  The Clerk of the Court entered default against Mr. Brown on April 2, 2008.

The Government filed the instant Motion on April 24, 2008. The Government argues that the merits of its foreclosure claim and the sufficiency of the Complaint weigh in favor of issuing default judgment.  [Mem. in Supp. of Motion at 4-10.]

Congress has authorized the IRS to collect outstanding tax liabilities.  Pursuant to 26 U.S.C. § 7403(a), where the taxpayer refuses or neglects to pay his federal taxes, the United States can bring a civil action in federal court to enforce a tax lien or to subject a taxpayer's property to payment of such federal taxes.  Section 7403(b) requires the United States to name as defendants all persons who have an interest in, or a lien upon,

the property at issue.  Section 7403(c) provides that, after all parties have been notified of the action, the court shall determine the merits of all claims to and liens upon the property.  Where the United States establishes its interest in the property, the court can direct a sale of the property. [Id. at 10.]

The Government argues that it has complied with the statutory requirements and that it is entitled to foreclosure of its tax lien and a sale of the Property.  The Government then contends that the proceeds from the sale of the Property should be disbursed first for the costs of the sale, and then to the Government, Bank of America, Yuki Brown, and the Callahans, according to their relative priorities.[1]

The Government contends that default judgment is also warranted because there is no possibility of a dispute over the material facts in this case.  The factual allegations of the Complaint are presumed to be true and no party that has appeared in this case has disputed any facts listed in the Complaint.

Finally, the Government acknowledges that there is a strong policy favoring decisions on the merits, but the Government argues that Mr. Brown had ample opportunity to respond and failed to do so.  It would be unfair to penalize the other parties by

---

[1] The Government has agreed that Yuki Brown, Margaret Callahan, and Hiram Callahan each have a one-quarter interest in the net proceeds of the sale.

jeopardizing the sale of the Property. The Government therefore argues that all of the relevant factors weigh in favor of granting default judgment.

## **DISCUSSION**

Default may be entered by the clerk if the defendant has "failed to plead or otherwise defend" within the permitted time. Fed. R. Civ. P. 55(a).  "'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The Court has discretion whether to enter default judgment.  See Lau Ah Yew v. Dulles, 236 F.2d 415 (9th Cir. 1956).  In Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court identified seven factors that districts court may consider in exercising their discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Id. at 1471-72.  "In applying this discretionary standard, default judgments are more often granted than denied."  PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Where a default is entered, the well-pleaded allegations in the complaint are taken as true.  See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes, 559 F.2d at 560.  The plaintiff, however, must establish the relief to which it is entitled.  See Pope v. United States, 323 U.S. 1 (1944); Fair Housing of Marin, 285 F.3d at 906.

The Government has diligently litigated the instant case and it will be prejudiced if Mr. Brown's interest in and record title to the Property is not extinguished.  The Court also finds that the Complaint sufficiently alleges substantive claims which concern a significant amount of money.  Further, in light of the fact that Mr. Brown has never appeared in this case, there is no possibility of a dispute over the material facts and there is no indication that his default was due to excusable neglect.  This Court therefore finds that factors (1) through (6) weigh in favor of granting the Motion.  The only factor that weighs against granting the Motion is the strong policy favoring decisions on the merits.  Having considered all of the relevant factors, this Court FINDS that default judgment against Mr. Brown is warranted.  This Court therefore RECOMMENDS that the district judge issue judgment in favor of the Government and against Mr. Brown and award $91,711.65, plus interest and other statutory additions from April 15, 2008, and that the judgment foreclose the tax liens for 1992 and 1993 against the Property.

**CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion for Default Judgment Against Defendant James W. Brown, filed April 24, 2008, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, June 20, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge